**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| WILLIAM C. WHITE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0736-MJR |
| | ) | |
| VILLAGE OF PONTOON BEACH, | ) | |
| ILLINOIS, TOM CELL, BARRY | ) | |
| GAUEN, CHARLES LUEHMANN, | ) | |
| HAROLD JIM DENHAM, RICHARD | ) | |
| CARNEY, KELLY HOGAN, GARY | ) | |
| WALLACE, HARLON KEEL, BRIAN | ) | |
| HARSHANY, LOWELL TRAVIS, | ) | |
| RUSS SALTSGAVER, KELLY ROGERS, | ) | |
| BECKY DAVIS, MIKE PAGANO, | ) | |
| DAVE LEVY, and OTHER | ) | |
| UNNAMED DEFENDANTS, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

On September 19, 2008, White filed this action in the Third Judicial Circuit, Madison County Illinois (Doc. 2-2). On October 20, 2008, Defendants removed the case alleging that this federal District Court has original jurisdiction over certain claims under 28 U.S.C. § 1331 and supplemental jurisdiction over certain state law claims (Doc. 2). On October 29, 2008, White filed a "motion to deny removal," which this Court construes as a motion to remand (Doc. 8). White argues that he has denied consent for removal and that the notice of removal is somehow procedurally defective due to Defendants' failure to file an answer in the state court action.

Removal was clearly proper here. **28 U.S.C. § 1331** provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or

treaties of the United States." A number of White's claims arise under federal law, as they are based on **42 U.S.C. §§ 1983 and 1985**. Where such a case is filed in a state court, defendants may remove the action to federal court under **28 U.S.C. § 1441**, which states:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Additionally, **28 U.S.C. § 1367** permits this Court to exercise supplemental jurisdiction over state law claims where they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Accordingly, none of the bases cited by White suffice to warrant remand of this action. As a result, the Court hereby **DENIES** White's motion to remand (Doc. 8).

**IT IS SO ORDERED.**

**DATED this 13th day of November 2008.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**