IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM C. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0736-MJR |
| | ) | |
| VILLAGE OF PONTOON BEACH, | ) | |
| ILLINOIS, TOM CELL, BARRY | ) | |
| GAUEN, CHARLES LUEHMANN, | ) | |
| HAROLD JIM DENHAM, RICHARD | ) | |
| CARNEY, KELLY HOGAN, GARY | ) | |
| WALLACE, HARLON KEEL, BRIAN | ) | |
| HARSHANY, LOWELL TRAVIS, | ) | |
| RUSS SALTSGAVER, KELLY ROGERS, | ) | |
| BECKY DAVIS, MIKE PAGANO, | ) | |
| DAVE LEVY, and OTHER | ) | |
| UNNAMED DEFENDANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On September 19, 2008, White filed this action in the Third Judicial Circuit, Madison County Illinois (Doc. 2-2). On October 20, 2008, Defendants removed the case to this District Court (Doc. 2). On June 3, 2009, White filed a three-paragraph "Motion for Declaratory and Injunctive Relief" (Doc. 37). Therein, he seeks temporary injunctive relief as to Pontoon Beach's requirement that he obtain building permits for certain construction he is undertaking. He asks the Court to enjoin Pontoon Beach from enforcing certain ordinances related to building permits and the "accumulation of rubbish," which White claims are unconstitutional.[1] For the following reasons,

---

[1] White also claims to provide the Court with various documents sent to him by Pontoon Beach demanding that he finalize the building permit. However, the only documents White

White's motion is **DENIED**.

**FEDERAL RULE OF CIVIL PROCEDURE 65** authorizes the issuance of preliminary injunctions and temporary restraining orders. Temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. ***Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.")).**

In order to obtain temporary injunctive relief, the movant must make an initial showing that (1) his case has a likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm if injunctive relief is not granted. *See, e.g., Hodgkins ex rel. Hodgkins v. Peterson*, 355 F.3d 1048, 1054-55 (7th Cir. 2004). If the movant meets his burden on these three requirements, then the Court considers two additional criteria: (4) whether the harm to the plaintiff if the injunction is wrongly denied outweighs the harm to the defendant if the injunction is wrongly granted, and (5) the public interest. ***Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).**

White's bare-bones motion fails to make any of the required showings. First, there is absolutely no indication that the ordinance cited is unconstitutional. White has made no legal argument as to why this would be so, and from what the Court can infer from the motion, it does not appear that White would have a likelihood of success on such a claim. In any case, the lack of any legal discussion whatsoever dooms White's motion.

---

attaches to his motion are eight separate letters from different law firms, each of which has declined his request to provide *pro bono* representation in this case.

Moreover, injunctive relief is not available where damages would suffice. Here, it appears that White seeks to avoid the cost of a building permit, a requirement that he believes is unconstitutional. Obviously, however, if the Court were to ultimately find the ordinances in question unconstitutional at the close of the case, money damages reimbursing White for any expenses incurred would sufficiently compensate him.

Likewise, White has made no showing that he will suffer irreparable harm if injunctive relief is not granted. He has made no attempt to show that the balance of the equities weighs in his favor. And he fails to explain why the public interest would support the injunctive relief he requests.

In short, White has failed to establish that the circumstances of this case warrant the issuance of the extraordinary remedy of temporary injunctive relief. Accordingly, White's motion is hereby **DENIED** (Doc. 37).

**IT IS SO ORDERED.**

**DATED this 11th day of June 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**